Filed 9/25/24  P. v. Ramirez CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> DARIO DANIEL RAMIREZ, <br><br> Defendant and Appellant. | B328259 <br><br> (Los Angeles County Super. Ct. No. GA075509) |

APPEAL from an order of the Superior Court of Los Angeles County, Jared D. Moses, Judge.  Affirmed.

Patricia A. Scott, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Charles S. Lee and Michael C. Keller, Deputy Attorneys General, for Plaintiff and Respondent.

————————————————

In 2011, a jury found Dario Ramirez guilty of second degree murder, attempted voluntary manslaughter (as a lesser included offense of an attempted murder charge), and mayhem. At his trial, the prosecution's theory was that Ramirez was an accomplice to a gang-related shooting, and he was not the actual shooter. The trial court instructed the jury on direct aiding and abetting and natural and probable consequences theories of liability.

In 2019, Ramirez filed a petition under Penal Code former section 1170.95 (now section 1172.6),[1] a statute which now authorizes resentencing relief for, among others, persons convicted of murder, manslaughter, and attempted murder under the natural and probable consequences doctrine. In 2022, the trial court determined Ramirez made a prima facie showing for resentencing relief as to the murder conviction and set the matter for an evidentiary hearing. The court determined he did not make a prima facie showing for relief as to the convictions for attempted voluntary manslaughter and mayhem, concluding the resentencing statute does not apply to convictions for these crimes. After the evidentiary hearing, the court denied the petition for resentencing as to all three convictions.

Ramirez appeals from the order denying his petition for resentencing, challenging the denial as to his conviction for attempted voluntary manslaughter only. He contends a conviction for attempted voluntary manslaughter should qualify

---

[1] Effective June 30, 2022, Penal Code section 1170.95 was renumbered section 1172.6, with no change in text (Stats. 2022, ch. 58, § 10).

Undesignated statutory references are to the Penal Code.

2

for relief under section 1172.6 even though the statute does not include that offense in the enumeration of crimes eligible for relief. We affirm the trial court's order because section 1172.6, by its plain language, does not apply to convictions for attempted voluntary manslaughter.

## BACKGROUND

### A. Charges and Trial

On December 28, 2008, Rodolfo Macias died as a result of gunshot wounds, and Raymond Salcedo lost an eye due to a gunshot to the head. (*People v. Ramirez* (Mar. 26, 2013, B232114) [nonpub. opn.] p. 2.)[2]

An information filed in August 2009 charged appellant Ramirez, his cousin Tomas Carrillo Ramirez,[3] and a man called Jose Arnaud with the murder of Macias (§ 187, subd. (a)), the willful, deliberate, premediated attempted murder of Salcedo (§§ 664 & 187, subd. (a)), and aggravated mayhem as to Salcedo (§ 205). As to all three counts, the information charged a gang enhancement (§ 186.22, subd. (b)(1)(C)), and alleged a principal

---

[2] To fill in gaps in the appellate record and to provide context for this appeal, we take some of the procedural and factual background of this case from this court's opinion in Ramirez's direct appeal. In his appellate briefing, Ramirez also derives his statement of the facts from the opinion in his direct appeal, noting that the present appeal "concerns a purely legal issue" and we need not rely on these facts in determining whether Ramirez made a prima facie showing that he is entitled to relief on his attempted voluntary manslaughter conviction.

[3] Because we refer to appellant Dario Ramirez as "Ramirez" throughout this opinion, we will refer to his cousin Tomas Carrillo Ramirez by his first name to avoid confusion, and not out of disrespect.

3

personally and intentionally discharged a firearm which proximately caused great bodily injury or death to the victims (§ 12022.53, subds. (b)-(e)).  Count 3 of the information was later amended to reflect a lesser charge of mayhem under section 203, instead of aggravated mayhem under section 205 as originally charged.

Ramirez was tried with Tomas.[4]  The prosecution's theory at trial was that Arnaud was the shooter, and Ramirez and Tomas were his accomplices.  (*People v. Ramirez*, *supra*, B232114, pp. 2-4.)  As reflected in the record before us, the prosecution presented direct aiding and abetting and natural and probable consequences theories of Ramirez's (and Tomas's) liability.  The trial court instructed the jury on both theories.

A recitation of the facts and circumstances of the shooting is not necessary to our resolution of the issues on appeal.  For purposes of context only, we provide the following summary derived from the opinion in the direct appeal:  Tomas was driving a vehicle (a Jeep), with Ramirez and Arnaud inside.  Tomas stopped the Jeep near two males who were standing on a sidewalk.  Ramirez and Tomas asked the males where they were from, meaning what was their gang affiliation.  After a brief exchange with the two males, Ramirez and Tomas exited the Jeep and said the name of their gang.  Macias and Salcedo, who had been at a barbecue with the two males, began to approach

---

[4] At an earlier trial, Arnaud and Tomas were tried by separate juries.  Arnaud's jury found him guilty of first degree murder, attempted murder, and mayhem, and found gang and firearm enhancement allegations to be true.  Tomas's jury could not reach a verdict and a mistrial was declared.  (*People v. Ramirez*, *supra*, B232114, p. 10.)

4

the group.  Ramirez and Tomas turned their attention to Macias and Salcedo, asking them where they were from.  Ramirez and Tomas stood on either side of Macias and grabbed and held him by his shoulders.  Arnaud exited the Jeep, pointed a gun at the back of Salcedo's head, and fired.  Salcedo fell to the ground.  Ramirez and Tomas held Macias as he struggled against them.  Arnaud fired several rounds at Macias.  Salcedo survived and Macias died.  The prosecution's gang expert opined, based on her knowledge and experience, that Ramirez, Tomas, and Arnaud were members of a criminal street gang; and that hypothetical crimes, mirroring the facts of this case as presented through the prosecution's evidence, would have been committed for the benefit of a criminal street gang.  (*People v. Ramirez, supra*, B232114, pp. 2-4, 6-7.)

The jury found Ramirez (and Tomas) guilty of second degree murder and mayhem, and not guilty of attempted murder.  The jury found them guilty of attempted voluntary manslaughter (§§ 664 & 192, subd. (a)) as a lesser included offense of attempted murder.  The jury also found the gang and firearm enhancement allegations to be true as to each offense.  The trial court sentenced Ramirez (and Tomas) to 69 years to life in prison: 15 years to life for the murder, plus 25 years to life for the firearm enhancement (§ 12022.53, subds. (d)-(e)); and a consecutive term of four years (the middle term) for mayhem, plus 25 years to life for the firearm enhancement.  The court imposed and stayed a term of three years (the middle term) for the attempted voluntary manslaughter.  (*People v. Ramirez, supra*, B232114, p. 10.)

Ramirez and Tomas appealed their convictions, and we affirmed the judgments.  (*People v. Ramirez, supra*, B232114.)

**B. Ramirez's Petition for Resentencing**

In 2018, the Legislature enacted Senate Bill No. 1437 "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Sen. Bill No. 1437 (2017-2018 Reg. Sess.) Stats. 2018, ch. 1015, § 1(f), p. 6674; §§ 188, subd. (a)(3) & 189, subd. (e).) Senate Bill No. 1437 amended sections 188 (defining malice) and 189 (felony murder) and added section 1170.95, now renumbered section 1172.6, which established a procedure for vacating murder convictions and resentencing defendants who could no longer be convicted of murder in light of the amendments to sections 188 and 189. (Stats. 2018, ch. 1015, § 4, pp. 6675–6677.)[5]

On September 9, 2019, Ramirez, who was represented by counsel, filed a petition for resentencing under former section 1170.95. He alleged, in pertinent part, that he was convicted of second degree murder under the natural and probable consequences doctrine (or under the second degree felony murder doctrine), and he could not now be convicted of that crime because of changes to sections 188 and 189, effective January 1,

---

[5] Senate Bill No. 1437 added the following provision to section 188: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).)

2019. Two years later, on October 7, 2021, after delays in the proceedings for various reasons, Ramirez filed a brief in support of his petition for resentencing. He attached to the brief, among other exhibits, pertinent jury instructions and excerpts from the prosecutor's closing argument at his trial, showing he was prosecuted under a natural and probable consequences theory (in addition to a direct aiding and abetting theory).

On October 5, 2021, the Governor signed into law Senate Bill No. 775 which amended then-section 1170.95 to, among other things, authorize relief for persons convicted of attempted murder under the natural and probable consequences doctrine and manslaughter when the prosecution was permitted to proceed under a felony murder or natural and probable consequences theory of murder liability. (Sen. Bill No. 775 (2020-2021 Reg. Sess.); Stats. 2021, ch. 551, § 2.) The amendment became effective January 1, 2022.

At a hearing on January 16, 2022, the trial court stated Ramirez made a prima facie showing he was entitled to relief as to his murder conviction, and the court would hold an evidentiary hearing. The court noted the resentencing statute does not apply to the conviction for mayhem.

At a subsequent hearing on March 30, 2022, prior to the evidentiary hearing, the parties disagreed as to whether the resentencing statute should apply to convictions for attempted voluntary manslaughter in light of Senate Bill No. 775's authorization of relief for persons convicted of manslaughter and attempted murder under the natural and probable consequences doctrine. Ramirez's counsel stated Ramirez would seek relief as to the attempted voluntary manslaughter conviction as well as the murder conviction. On May 4, 2022, the district attorney

7

filed a brief arguing Ramirez could not make a prima facie showing he was entitled to relief on his attempted voluntary manslaughter conviction because the "plain language of the statute" shows "clear[ly] and unambiguous[ly]" that "a petition [for resentencing] is not available to persons convicted of attempted voluntary manslaughter," but only to persons convicted of murder, attempted murder, and manslaughter.

On July 19, 2022, the trial court set a date for the evidentiary hearing on the murder count. The court explained that it would decide at the outset of the evidentiary hearing whether Ramirez made a prima facie showing for relief as to the attempted voluntary manslaughter conviction.

At the evidentiary hearing on October 28, 2022, the trial court ruled Ramirez was ineligible for relief as a matter of law on the convictions for attempted voluntary manslaughter and mayhem because section 1172.6 does not allow relief for those offenses. Ramirez's counsel argued the statute, as amended by Senate Bill No. 775, should apply to convictions for attempted voluntary manslaughter, although that offense is not specified in the statute. Counsel noted some defendants had similarly argued that the resentencing statute should apply to convictions for attempted murder and manslaughter before Senate Bill No. 775 amended the statute to specifically include those offenses. The court rejected Ramirez's argument and conducted an evidentiary hearing as to the murder count only. The court found the prosecution proved beyond a reasonable doubt that Ramirez acted with malice aforethought as a direct aider and abettor of the murder. The court granted Ramirez's request to file a posthearing brief and explained it would notify the parties if it intended to change its ruling after consideration of the brief. The

same day as the hearing, the court issued a written order denying Ramirez's petition for resentencing for the reasons stated at the hearing (pending receipt and consideration of Ramirez's brief).

On December 1, 2022, Ramirez filed his posthearing brief. In addition to making arguments related to the murder count, Ramirez made an assertion in the brief, without elaboration, that section 1172.6 relief should be available to persons convicted of both attempted voluntary manslaughter and mayhem. In a minute order dated December 19, 2022, the trial court stated, the "previous order/ruling in this case is to remain. The petition for resentencing is denied."

Ramirez appealed. He challenges the denial of his petition for resentencing as to the attempted voluntary manslaughter conviction only.

## DISCUSSION

Ramirez contends a conviction for attempted voluntary manslaughter should qualify for relief under section 1172.6 even though the statute does not include that offense in the enumeration of crimes eligible for relief. This is a question of law that we review de novo. (*People v. Lewis* (2021) 11 Cal.5th 952, 961 ["The proper interpretation of a statute is a question of law we review de novo"].)

" ' "As in any case involving statutory interpretation, our fundamental task here is to determine the Legislature's intent so as to effectuate the law's purpose. [Citation.] We begin by examining the statute's words, giving them a plain and commonsense meaning. [Citation.]" [Citation.] " 'When the language of a statute is clear, we need go no further.' [Citation.] But where a statute's terms are unclear or ambiguous, we may 'look to a variety of extrinsic aids, including the ostensible objects

9

to be achieved, the evils to be remedied, the legislative history, public policy, contemporaneous administrative construction, and the statutory scheme of which the statute is a part.' " ' " (*People v. Scott* (2014) 58 Cal.4th 1415, 1421.)

Under section 1172.6, subdivision (a), "A person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter may file a petition with the court that sentenced the petitioner to have the petitioner's murder, attempted murder, or manslaughter conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply:  [¶]  (1)  A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine.  [¶]  (2)  The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder.  [¶]  (3)  The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019."

As originally enacted by Senate Bill No. 1437, the resentencing statute (former section 1170.95, now section 1172.6) stated that it applied to murder convictions.  (Stats. 2018, ch. 1015, § 4.)  Effective January 1, 2022, Senate Bill No. 775

amended the statute to reflect that it applies to convictions for attempted murder and manslaughter, in addition to murder. (Stats. 2021, ch. 551, § 2.) The Legislature has not decided to include convictions for attempted voluntary manslaughter in the list of offenses eligible for relief.

"Where, as here, the Legislature makes express statutory distinctions, 'we must presume it did so deliberately, giving effect to the distinctions, unless the whole scheme reveals the distinction is unintended. . . . [W]e presume the Legislature intended everything in a statutory scheme, and we should not read statutes to omit expressed language or include omitted language.' " (*People v. Connor* (2004) 115 Cal.App.4th 669, 691.) " '[I]nsert[ing]' additional language into a statute 'violate[s] the cardinal rule of statutory construction that courts must not add provisions to statutes.' " (*People v. Guzman* (2005) 35 Cal.4th 577, 587.)

Considering the plain language of section 1172.6, and the history of the statute's amendment, we have no cause to insert language into the statute that the Legislature did not include. In 2021, the Legislature amended the statute to clarify that it applies to convictions for attempted murder and manslaughter, in addition to murder. The clear language of the amendment thus demonstrates the Legislature was mindful of the distinction between attempted crimes and completed crimes when it amended the statute. The amendment did not include attempted voluntary manslaughter in the enumeration of offenses eligible for relief. Nor did the amendment include authority for courts to apply the statute to unspecified offenses. Even if the language of the statute were unclear or ambiguous, and we looked to extrinsic aids to interpret the statute, Ramirez has not cited to anything in

11

the legislative history that supports his argument that the Legislature intended the amendment to apply to convictions for attempted voluntary manslaughter but neglected to make that clear at the time it was taking pains to clarify that the statute applies to convictions for attempted murder and manslaughter.[6]

Because section 1172.6 does not apply to convictions for attempted voluntary manslaughter, the trial court did not err in concluding Ramirez failed to make a prima facie showing he is entitled to relief on that conviction.

## DISPOSITION

The order denying the petition for resentencing is affirmed.
NOT TO BE PUBLISHED

KELLEY, J.*

We concur:

BENDIX, Acting P. J.                    WEINGART, J.

---

[6] Ramirez's contention that attempted voluntary manslaughter "is within the penumbra of the statute's concern" falls far short of coherent explication of a basis to infer legislative intent in this case.

* Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

12